IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRY GENNARD TILLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-CV-050-TCK-PJC |
| ) | |
| ROBERT EZELL, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 11) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2009-2758. See Dkt. # 1. The record reflects that on July 13, 2009, the state district judge found Petitioner guilty after accepting his pleas of guilty to Assault and Battery With a Deadly Weapon (Count 1), Feloniously Pointing a Firearm (Count 2), and Possession of a Firearm, AFCF (Count 3). See Dkt. # 10, Ex. 1. He was sentenced that day to fifteen (15) years imprisonment on Count 1, and to ten (10) years imprisonment on each of Counts 2 and 3, with all three sentences to be served concurrently. Id. On July 31, 2009, or eighteen (18) days after entry of his guilty pleas, Petitioner filed an untimely motion to withdraw plea of guilty. Id. By order filed July 8, 2010, Petitioner's

motion was denied as untimely. See Dkt. # 10, Ex. 6 at 9.  He did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA").  Id.

On April 26, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 10. Ex. 4. The state district court denied the application by order filed May 28, 2010. See id., Ex. 5.  On August 6, 2010, Petitioner filed a petition in error with the Clerk of the OCCA.  See id., Ex. 6. By order filed November 9, 2010, in Case No. PC-2010-754, the OCCA declined appellate jurisdiction and dismissed the post-conviction appeal as untimely under Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals. See id., Ex. 7.

Petitioner's petition for writ of habeas corpus (Dkt. # 1) was received for filing January 20, 2011. Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on January 18, 2011.  In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d).  See Dkt. #s 9, 10.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>                   (D) the date on which the factual predicate of the claim or
>           claims presented could have been discovered through the exercise of
>           due diligence.
>                   (2) The time during which a properly filed application for State post-
>           conviction or other collateral review with respect to the pertinent judgment or claim
>           is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because Petitioner failed to file a timely motion to withdraw his guilty pleas in Case No. CF-2009-2758, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on July 23, 2009. See Rule 4.2, Rules of the Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty).[1] As a result, his one-year limitations clock for any claim challenging his convictions began to run on July 24, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after July 24, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was filed, at the earliest, on January 18, 2011, the day Petitioner states that he placed his petition in the prison mailing system. See Houston v. Lack, 487 U.S. 266 (1988); Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (applying prisoner "mailbox rule"

---

[1] Petitioner's motion to withdraw guilty plea, filed on July 31, 2009, was too late. Petitioner's convictions had become final before he filed the motion.

3

to filing of habeas petition). Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

On April 26, 2010, or with 89 days remaining in his limitations period, Petitioner filed an application for post-conviction relief. The state district court denied the application on May 28, 2010. Petitioner's deadline for filing a timely post-conviction appeal was Monday, June 28, 2010. His post-conviction appeal, filed August 10, 2010, was untimely and was not "properly filed" as required under 28 U.S.C. § 2244(d)(2). However, he is entitled to tolling for the thirty (30) days after entry of the state district court's order when he could have filed a timely post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought a timely appeal under state law). Thus, he is entitled to tolling of the limitations period from April 26, 2010, when he filed his application in state district court, through June 28, 2010, or the first business day thirty (30) days after the state district court denied relief on May 28, 2010. He had to file his habeas petition within the 89 days remaining in his limitations period, or on or before Monday, September 27, 2010.[2] Therefore, this action, commenced on January 18, 2011, at the earliest, appears to be untimely.

Petitioner filed a response (Dkt. # 11) objecting to the motion to dismiss. First, he argues that his petition is not time-barred because he believes that, under Okla. Stat. tit. 22, § 1051, he had 90 days within which to file a petition for a writ of certiorari in the OCCA. Section 1051 does in fact provide that a petitioner who has been convicted on a plea of guilty has 90 days to file a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals. Okla. Stat. tit. 22, § 1051.

---

[2]Eighty-nine days after June 28, 2010, fell on September 25, 2010, a Saturday.

4

However, the 90 day time period runs from the date the trial court ruled on a timely application to withdraw the guilty plea. See Rule 4.3(A), Rules of the Oklahoma Court of Criminal Appeals. A motion to withdraw plea has to be filed within ten (10) days from the date of the pronouncement of the Judgment and Sentence. Petitioner filed a motion to withdraw guilty plea, but it was not filed until July 31, 2009, or eighteen (18) days after he pled guilty and was sentenced on July 13, 2009. Thus, Petitioner's convictions had already become final before Petitioner filed his untimely motion to withdraw plea of guilty. He cannot count the 90 days for seeking certiorari review in the OCCA.

Petitioner also asserts several bases for equitable tolling. See Dkt. # 11. Specifically, he claims that he "has suffered from emotional distress and depression," he "has been incarcerated at a medium security private prison with no law library or on-site law clerks," there have been "several total facility lockdowns, some lasting for several weeks," and the legal assistance offered at his facility has "not helped Petitioner at all." Id. The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's conclusory claim that he has "suffered from emotional distress and depression" is not sufficient to justify equitable tolling.[3] Petitioner does not allege and nothing in the record suggests that Petitioner was so incapacitated during the limitations period that he was incapable of taking the steps necessary to file a petition for writ of habeas corpus. Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine); see also McCall v. Wyo. Att'y Gen., 339 Fed. Appx. 848, 850 (10th Cir. 2009) (unpublished)[4] ("mere allegations that [a defendant] was under the influence of medication [are not] sufficient to demonstrate the extraordinary circumstances beyond his control necessary for equitable tolling." (internal quotation marks omitted)); Wiegand v. Zavares, 320 Fed. Appx. 837, 839 (10th Cir. 2009) (unpublished) ("Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling."). The Court concludes that Petitioner is not entitled to equitable tolling because his claim that he "suffered from emotional distress and depression" does not qualify as an "exceptional circumstance."

---

[3]The Court recognizes that Petitioner has requested that he be allowed to engage in discovery to determine the dates and duration of the prison lockdowns and to determine the dates and dosages of his prescription medications. See Dkt. # 11 at 3. He also requests an evidentiary hearing. Id. The Court finds it unnecessary to allow Petitioner to conduct discovery. Furthermore, an evidentiary hearing is not warranted. See McCall v. Wyo. Att'y Gen., 339 Fed. Appx. 848 (10th Cir. 2009) (unpublished) (citing Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001), and stating that "[t]he district court was not required to conduct a further evidentiary hearing before deciding not to grant equitable tolling, given that 28 U.S.C. § 2244 does not require hearings on the issue of time-bar or tolling").

[4]This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

Similarly, Petitioner's conclusory allegations concerning his limited access to legal materials and lockdowns at his facility do not justify equitable tolling. See Miller, 141 F.3d at 978 (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); Garcia v. Hatch, 343 Fed. Appx. 316, 318 (10th Cir. 2009) (unpublished) (same). Nor has Petitioner explained how restrictions on his access to legal materials impeded his ability to file a timely habeas petition. Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner); United States v. Martinez, 303 Fed. Appx. 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner). In this case, Petitioner acknowledges that his facility provides the services of an attorney to assist prisoners. He is simply dissatisfied with the services. "Simple excusable neglect"--including neglect based on "a claim of insufficient access to relevant law"--"is not sufficient." Gibson, 232 F.3d at 808. Petitioner is not entitled to equitable tolling.

### *CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

**SO ORDERED** this 1st day of February, 2012.

*Terence C. Kern*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE